# EXHIBIT A

N552AriP kjc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,               New York, N.Y.

4              v.                          22 Cr. 495 (PAE)

5  EDWIN MANON ARIAS,

6              Defendant.

7  ------------------------------x        Plea

8                                         May 5, 2023
                                          11:05 a.m.
9

10 Before:

11              HON. PAUL A. ENGELMAYER,

12                                         District Judge

13

14                      APPEARANCES

15

   DAMIAN WILLIAMS
16      United States Attorney for the
        Southern District of New York
17 BY:  MADISON R. SMYSER
        Assistant United States Attorney
18

19 FEDERAL DEFENDERS OF NEW YORK
        Attorneys for Defendant
20 BY: ANDREW J. DALACK

21

22

23 Also Present:

24 Cristina Weisz, Spanish Interpreter

25

N552AriP kjc

1          (Case called)

2          THE DEPUTY CLERK:  Counselors, starting with the front

3    table, please state your appearances for the record.

4          MS. SMYSER:  Good morning, your Honor.  Madison Smyser

5    for the government.

6          MR. DALACK:  Good morning, Judge.  Andrew Dalack, from

7    the Federal Defenders of New York, on behalf of Mr. Arias.

8          THE COURT:  Good morning, Mr. Dalack; and good morning

9    to you, of course, Mr. Arias.  Good morning to the translator

10   who is assisting Mr. Arias today.

11         All right.  At the outset I understand, Mr. Dalack,

12   that your client wishes today to plead guilty to a lesser

13   included offense within the scope of the information, is that

14   correct?

15         MR. DALACK:  Yes, your Honor.

16         THE COURT:  Before we proceed to that, there is a

17   disclosure I need to put on the record.  I imagine Mr. Dalack

18   you are aware of that, but in 2019 through 2020, AUSA Smyser

19   worked for me as a law clerk and, indeed, as an excellent law

20   clerk.  I encouraged her to apply to the U.S. Attorney's

21   office, strongly supported her application, and we remain in

22   close touch.  That said, I am entirely confident that my

23   supervision of this case will be unaffected by the fact that

24   she is a former clerk of mine.  Nevertheless, I wanted to put

25   that on the record.

N552AriP kjc

1          MR. DALACK:  Thank you, Judge.

2          THE COURT:  Any objection to proceeding?

3          MR. DALACK:  Absolutely none.

4          THE COURT:  Okay.  Very good.  Thank you.

5          With that, Mr. Arias -- Arias?

6          MR. DALACK:  Arias.

7          THE COURT:  Mr. Arias, is it correct today you wish to

8   plead guilty to a lesser included offense within Count One of

9   the information in this case?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  And is that plea pursuant to a plea

12   agreement?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Counsel have handed up a signed plea

15   agreement.  I am going to mark it as Government Exhibit 1.  And

16   later in this proceeding, I will have questions for counsel and

17   for Mr. Arias about that.

18          Mr. Arias, before I accept your guilty plea, I'm going

19   to ask you certain questions so that I can establish to my

20   satisfaction that you wish to plead guilty because you are

21   guilty and not for some other reason.  If you don't understand

22   any of my questions or you would like a further opportunity to

23   consult with Mr. Dalack, would you please let me know?

24          THE DEFENDANT:  Would you please repeat the question?

25          THE COURT:  Of course.

N552AriP kjc

1          Before I accept your guilty plea, I'm going to ask you

2   certain questions so that I can establish to my satisfaction

3   that you wish to plead guilty because you are guilty and not

4   for some other reason.  If you don't understand any of my

5   questions or at any time you would like more time to speak with

6   Mr. Dalack, would you please let me know?

7          THE DEFENDANT:  Yes, I understand what you are asking

8   me.

9          THE COURT:  Very good.

10          Mr. Arias, are you able to speak and understand

11   English?

12          THE DEFENDANT:  No, I don't understand English.

13          THE COURT:  Okay.  As you can see, we have a

14   translator, a court-certified Spanish translator here to assist

15   you.  Would you let me know if at any time you have any

16   difficulty understanding what the translator is saying?

17          THE DEFENDANT:  Yeah, the microphone, it needs to

18   raise the volume.

19          (Pause)

20          THE INTERPRETER:  I'm going to change the headset.

21          THE COURT:  Go ahead.

22          (Pause)

23          THE COURT:  All right.  Mr. Arias, has the translation

24   equipment been fixed?  Can you hear what the translator is

25   saying?

N552AriP kjc

1          THE DEFENDANT:  Yes.

2          THE COURT:  If at any point going forward you are

3   having any difficulty hearing the translator or understanding

4   what she is saying, will you please get my attention?  Will you

5   please let me know?

6          THE DEFENDANT:  Okay.

7          THE COURT:  I suggest raise your hand if you are

8   having any problems, and I will know to intervene.  Okay?

9          THE DEFENDANT:  Okay.

10          THE COURT:  Very good.

11          Mr. Smallman, would you kindly place Mr. Arias under

12   oath.

13          THE DEPUTY CLERK:  Please rise.  Raise your right

14   hand.

15          You do solemnly swear that the testimony you shall

16   give the Court in this issue shall be the truth, the whole

17   truth, and nothing but the truth, so help you God?

18          THE DEFENDANT:  I do swear.

19          THE DEPUTY CLERK:  Thank you.

20          THE COURT:  You may be seated.

21          Mr. Arias, do you understand that you are now under

22   oath and that if you answer any of my questions falsely, your

23   answers to my questions may be used against you in another

24   prosecution for perjury?

25          THE DEFENDANT:  Yes.

N552AriP kjc

1              THE COURT:  What is your full name?

2              THE DEFENDANT:  Edwin Amauri Manon Arias.

3              THE COURT:  How old are you?

4              THE DEFENDANT:  I'm 40 years old.

5              THE COURT:  How far did you go in school?

6              THE DEFENDANT:  I completed four years of college.

7              THE COURT:  Have you ever been treated or hospitalized

8    for any mental illness?

9              THE DEFENDANT:  No.

10             THE COURT:  Are you now or have you recently been

11   under the care of a doctor or a psychiatrist?

12             THE DEFENDANT:  No.

13             THE COURT:  Have you ever been hospitalized or treated

14   for addiction to any drugs or alcohol?

15             THE DEFENDANT:  No.

16             THE COURT:  Is your mind -- within the past 24 hours,

17   have you taken any drugs, medicine, or pills or drunk any

18   alcoholic beverages?

19             THE DEFENDANT:  No.

20             THE COURT:  Is your mind clear today?

21             THE DEFENDANT:  Sure.

22             THE COURT:  Yes?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you understand what's happening in this

25   proceeding.

N552AriP kjc

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Mr. Dalack, do you have any doubt as to

3      your client's competence to plead at this time?

4              MR. DALACK:  I do not, your Honor.

5              THE COURT:  And how about you, Ms. Smyser?

6              MS. SMYSER:  No, your Honor.

7              THE COURT:  Okay, very good.

8              Look, based on his responses to my questions and his

9      demeanor as he appears before me, I find that the defendant is

10     competent to enter a plea of guilty at this time.

11             All right.  Mr. Arias, have you had a sufficient

12     opportunity to discuss your case with your attorney?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Have you had a sufficient opportunity to

15     discuss the particular charge to which you intend to plead

16     guilty, any possible defenses to that charge, and the

17     consequences of entering a plea of guilty?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Are you satisfied with your attorney's

20     representation of you, including in connection with reaching

21     this plea agreement?

22             THE DEFENDANT:  Yes.

23             THE COURT:  I'm now going to explain certain

24     constitutional rights that you have.  You will be giving up

25     these rights if you enter a plea of guilty.

N552AriP kjc

1          Under the Constitution and laws of the United States,

2     you are entitled to a speedy and a public trial by a jury on

3     the charge contained in the information.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  At that trial, you would be presumed to be

7     innocent.  The government would be required to prove you guilty

8     by competent evidence and beyond a reasonable doubt before you

9     could be found guilty.  You would not have to prove that you

10    were innocent, and a jury of 12 people would have to agree

11    unanimously that you were guilty.

12         Do you understand that?

13         THE DEFENDANT:  Yes, yes.

14         THE COURT:  At that trial and at every stage of your

15    case, you would be entitled to be represented by an attorney,

16    and if you could not afford one, one would be appointed to

17    represent you free of charge.

18         Do you understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  During a trial, the witnesses for the

21    government would have to come to court and testify in your

22    presence and your lawyer could cross-examine the witnesses for

23    the government, object to evidence offered by the government

24    and, if you desired, issue subpoenas, offer evidence, and

25    compel witnesses to testify on your behalf.

N552AriP kjc

1              Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  At a trial, although you would have the

4    right to testify if you chose to do so, you would also have the

5    right not to testify, and no inference or suggestion of guilt

6    could be drawn from the fact that you did not testify if that

7    was what you chose to do.

8              Do you understand that?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  At trial, the government would have to

11   prove each and every part or element of a charge beyond a

12   reasonable doubt for you to be convicted of that charge.

13             Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Do you understand that if you were

16   convicted at a trial, that you would then have the right to

17   appeal that verdict?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Even at this time, right now, even as you

20   are in the process of entering this guilty plea, you have the

21   right to change your mind, plead not guilty, and go to trial.

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  If you plead guilty and I accept your

25   plea, you will give up your right to a trial and the other

N552AriP kjc

1    rights that I have just described.  There will be no trial, and

2    I will enter a judgment of guilty and sentence you on the basis

3    of your guilty plea after considering the submissions relating

4    to sentencing that I receive from you, your lawyer, and the

5    government as well as a presentence report prepared by the

6    probation department.

7              Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And if you plead guilty, you will also

10   have to give up your right not to incriminate yourself because

11   I will ask you questions about what you did in order to satisfy

12   myself that you are guilty as charged.

13             Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Mr. Dalack, let me just ask you this.  The

16   information is one that the defendant waived, too, sometime

17   ago.  This is not a new information, is that correct?

18             MR. DALACK:  Yes, your Honor.

19             THE COURT:  All right.  Very good.

20             Mr. Arias, have you received a copy of the information

21   containing the charge against you?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Have you read it or has it been read to

24   you?  Has it been translated to you?

25             THE DEFENDANT:  Yes, yes.

N552AriP kjc

1          THE COURT:  And have you had an opportunity to discuss
2     the information with Mr. Dalack?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  Do you understand that you are charged in
5     Count One of the information with conspiring to distribute and
6     possess with intent to distribute controlled substances,
7     specifically, 400 grams and more of mixtures and substances
8     containing a detectable amount of fentanyl and mixtures and
9     substances containing a detectable amount of cocaine.
10          Do you understand that?
11          THE DEFENDANT:  Yes.
12          THE COURT:  And do you understand that under the plea
13     agreement you would be pleading guilty to a lesser included
14     offense within that charge, specifically, that you would be
15     conspiring to distribute and possess with intent to distribute
16     those controlled substances but without regard to a specific
17     quantity.
18          Do you understand that?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Let me confirm with the government that
21     that is an accurate recitation of the lesser included offense
22     here.
23          MS. SMYSER:  Yes, your Honor.
24          THE COURT:  Ms. Smyser, would you please set out the
25     elements of that offense.

N552AriP kjc

1          MS. SMYSER:  Yes, your Honor.

2          In order to prove the defendant guilty of conspiring

3    with others to distribute fentanyl and cocaine, in violation of

4    Title 21 U.S.C. 846 and 841(b)(1)(C), the government would have

5    to prove at a trial beyond a reasonable doubt:

6          First, that there were -- was an agreement or

7    understanding between at least two people to violate the

8    narcotics laws of the United States;

9          Second, that the defendant knowingly became a member

10   of the conspiracy; and

11         Third, that the controlled substances involved in the

12   conspiracy included a detectable amount of fentanyl and

13   cocaine.

14         THE COURT:  Very good.

15         And as to venue?

16         MS. SMYSER:  Oh, yes, your Honor.  The government

17   would also be required to prove by a preponderance of evidence

18   that venue is proper in the Southern District of New York.

19         THE COURT:  Very good.

20         Mr. Dalack, do you agree with the summary of the

21   elements provided by Ms. Smyser?

22         MR. DALACK:  I do, your Honor.

23         THE COURT:  And Mr. Arias, could you hear and

24   understand AUSA Smyser as she set out the elements of the

25   offense?

N552AriP kjc

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Do you understand that if you were to go

3      to trial, the government would have to prove each of those

4      elements beyond a reasonable doubt?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  And do you understand as well that the

7      government would have to prove by a preponderance of the

8      evidence that venue was proper in this district, which

9      includes, among other places, Manhattan and the Bronx?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Turning to the consequences of a guilty

12     plea, do you understand that the maximum term of imprisonment

13     for this offense is 20 years' imprisonment?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  All right.  Do you understand that the

16     offense carries a mandatory minimum term of three years'

17     supervised release and a maximum term of lifetime supervised

18     release?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Supervised release means that you will be

21     subject to monitoring when you are released from prison.  There

22     are terms of supervised release with which a person must

23     comply.  If you don't comply with them, you can be returned to

24     prison without a jury trial for all or part of the term of

25     supervised release imposed by the Court.  Under those

N552AriP kjc

circumstances, you would not be given any credit towards that

term for the time you had served in prison as a result of your

sentence for this offense, nor would you necessarily be given

any credit towards that term for any time you had spent on

post-release supervision.

            Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  The maximum fine for this offense is the

greatest of $1 million, twice the gross pecuniary gain derived

from the offense, or twice the gross pecuniary loss to people

other than you resulting from the offense.

            Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  For pleading guilty to this crime, you

will also be required to pay a mandatory $100 special

assessment.

            Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  For pleading guilty to this crime, you may

be compelled to forfeit any and all property constituting and

derived from proceeds obtained by your criminal conduct.

            Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  Do you also understand that if I accept

your guilty plea and adjudge you guilty, that may deprive you

N552AriP kjc

1    of valuable civil rights, such as, the right to vote, the right

2    to hold public office, the right to serve on a jury, and the

3    right to possess any kind of firearm?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Are you a United States citizen?

6              THE DEFENDANT:  I'm a resident.

7              THE COURT:  You are not a United States citizen, is

8    that correct?

9              THE DEFENDANT:  No.

10             THE COURT:  Let me rephrase that.  Are you a

11   United States citizen?

12             THE DEFENDANT:  No.

13             THE COURT:  Do you understand that as a result of your

14   guilty plea --

15             THE INTERPRETER:  Hold on.

16             THE COURT:  Okay.

17             (Pause)

18             THE COURT:  Do you understand that as a result of your

19   guilty plea, there may be adverse effects on your immigration

20   status, including further detention following completion of

21   your sentence?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Do you understand that as a result of your

24   guilty plea, you may be removed from the United States, denied

25   citizenship, and denied admission to the United States in the

N552AriP kjc

1  future?

2                  THE DEFENDANT:  Yes, sir.

3                  THE COURT:  Have you discussed the possible

4  immigration consequences of a guilty plea with your lawyer?

5                  THE DEFENDANT:  Yes, sir.

6                  THE COURT:  Under current law, there are sentencing

7  guidelines as well as other factors set forth in the

8  sentencing statutes that judges must consider in determining a

9  sentence.

10                  Do you understand that?

11                  THE DEFENDANT:  Yes, sir.

12                  THE COURT:  Have you spoken with your attorney about

13  the sentencing guidelines and those other factors?

14                  THE DEFENDANT:  Yes, sir.

15                  THE COURT:  Do you understand that the Court will not

16  be able to determine the guideline range that will form one

17  part of my determination of what a reasonable sentence will be

18  in your case until after a presentence report has been prepared

19  and until after you, your attorney, and the government have all

20  had an opportunity to challenge any of the facts reported there

21  by the probation department?

22                  THE DEFENDANT:  Yes, sir.

23                  THE COURT:  Do you understand that even though the

24  parties have agreed in the plea agreement that the sentencing

25  guidelines recommend for you a sentence of between 57 and 71

N552AriP kjc

1    months' imprisonment, the parties' agreement about what the

2    sentencing guidelines recommend is not binding on the probation

3    department and it's not binding on the Court?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you understand that even after the

6    Court has determined what guideline range applies to your case,

7    the Court has the discretion under the current law to impose a

8    sentence that is higher or lower than the one recommended by

9    the sentencing guidelines?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  Do you understand that even if your

12   attorney or anyone else has attempted to predict what your

13   sentence will be, their prediction could be wrong?  No one——not

14   your attorney, not the government's attorney, no one——can give

15   you any assurance of what your sentence will be because I'm

16   going to decide your sentence, and I'm not going to do that now

17   and I really can't do that now.  Instead, I'm going to wait

18   until I receive a presentence report prepared by the probation

19   department.  I'm going to wait until I receive what I know will

20   be thoughtful sentencing submissions by the defense and the

21   government.  I'm going to do my own independent calculation of

22   what the sentencing guidelines recommend.  Most of all, I'm

23   going to determine what a just and reasonable sentence is for

24   you based on all of the factors contained in the sentencing

25   statute which is known as Section 3553(a).

N552AriP kjc

1          Do you understand all that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Have you discussed these issues and the

4    overall sentencing process with Mr. Dalack?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Even if your sentence is different from

7    what your attorney or anyone else has told you it might be,

8    even if it's different from what you expect, even if it's

9    different from the advisory guideline range contained in your

10   plea agreement, you would still be bound by your guilty plea

11   and you would not be allowed to withdraw your guilty plea.

12          Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Has anyone threatened you or anyone else

15   or forced you in any way to plead guilty?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  All right.  Counsel have handed up the

18   signed plea agreement, again, Government Exhibit 1.

19   Ms. Smyser, I see here the signature of Camille Fletcher, the

20   assigned assistant United States Attorney, and the authorized

21   electronic signature of Negar Tekeei, the co-chief of the

22   Narcotics Unit.  Are those the signatures or authorized

23   signatures of those persons?

24          MS. SMYSER:  Yes, your Honor.

25          THE COURT:  Mr. Dalack, I see here your signature

N552AriP kjc

1    dated today.  Is that your signature?

2            MR. DALACK:  Yes, your Honor.

3            THE COURT:  And Mr. Arias, I see here your signature

4    dated today.  Is that your signature?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Did you read this agreement or, rather,

7    was it translated to you before you signed it?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Did you discuss it with your attorney

10   before you signed it?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Did you believe that you understood the

13   agreement at the time you signed it?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Did you willingly sign the agreement?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Did anyone force you to sign the

18   agreement?

19           THE DEFENDANT:  No, sir.

20           THE COURT:  Do you have any agreement with the

21   government about your plea or your sentence that has been left

22   out, that has been omitted from this plea agreement?

23           MR. DALACK:  If I could speak to that, your Honor?

24           THE COURT:  Yes.

25           MR. DALACK:  If we could move this brief portion of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

N552AriP kjc

1   the record under seal --

2              THE COURT:  Very good.

3              MR. DALACK:  -- I would be grateful.

4              THE COURT:  From this moment, we will be under seal

5   until I say otherwise.

6              (Pages 21 through 23 sealed)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

N552AriP kjc

1          THE COURT:  All right.  Back on the record -- back --

2     we are no longer under seal.

3          Ms. Smyser, would you kindly summarize the central

4     terms of the plea agreement.

5          MS. SMYSER:  Yes, your Honor.

6          As described in the plea agreement, the defendant is

7     pleading to a lesser included offense of the information, to a

8     conspiracy to distribute fentanyl and cocaine in violation of

9     21 United States Code 846 and 841(b)(1)(C).

10         Under the government's calculation, the stipulated

11    guidelines range here is 57 to 71 months' imprisonment and it

12    includes a minor role reduction.  The defendant here --

13         THE COURT:  I noted that there is a minor role

14    reduction both under chapter 3, but there -- and this is a

15    detail I hadn't focused on until this case, I see that the base

16    offense level for the narcotics offense itself is reduced an

17    additional two levels because of the minor role reduction in

18    Chapter 3.

19         MS. SMYSER:  That is correct under 2D1.1(a)(5).

20         In addition, the defendant has agreed to waive his

21    right to appeal under certain circumstances.  One is that he

22    will not appeal a sentence that is less than the guidelines

23    range or within the stipulated guidelines range, he will not

24    appeal a fine of less than a million dollars, he will not

25    appeal based on effect on his immigration consequences, and he

N552AriP kjc

1    will not appeal based on a failure to produce discovery aside

2    from any evidence related to his actual innocence.

3            THE COURT:  Very good.  Thank you.

4            Mr. Dalack, are you in agreement with AUSA Smyser's

5    summary of those terms?

6            MR. DALACK:  I am, Judge.  Thank you.

7            THE COURT:  And Mr. Arias, did you hear and understand

8    AUSA Smyser as she described certain terms of the plea

9    agreement?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  All right.  I want to highlight just one

12   of those terms.

13           Do you understand that, under the agreement, you are

14   giving up your right to appeal or otherwise challenge your

15   sentence so long as I do not sentence you to more than 71

16   months' imprisonment?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Has anyone made any promise or done

19   anything other than what's contained in the plea agreement to

20   induce you to plead guilty?

21           THE DEFENDANT:  No, sir.

22           THE COURT:  Has anyone made a promise to you as to

23   what your sentence will be?

24           THE DEFENDANT:  No, sir.

25           THE COURT:  Do you still wish to plead guilty pursuant

N552AriP kjc

 1    to this agreement?

 2                THE DEFENDANT:  Yes, sir.

 3                THE COURT:  All right.  Mr. Arias, we are now at the

 4    point where I would like you to tell me in your own words what

 5    you did that makes you believe that you are guilty of the

 6    lesser included offense within Count One of the information.

 7                I see that you will be reading from a document.  Is

 8    that correct?

 9                THE DEFENDANT:  Yes, sir.

10                THE COURT:  That's fine.  I just need to confirm

11    before you start reading that you have reviewed what is written

12    there and that you are confident that everything there is

13    accurate.  Is that so?

14                THE DEFENDANT:  Yes, sir.

15                THE COURT:  Okay.  Go ahead and tell me in your own

16    words what you did that makes you believe you are guilty of the

17    lesser included offense within Count One.  Just kindly speak

18    slowly and distinctly for the benefit of the translator and of

19    course the court reporter.

20                THE DEFENDANT:  Okay, sir.  In August 2021, in the

21    Bronx, I agreed to receive a package from another person who --

22    which I knew contained drugs.  I'm sorry.  I know that what I

23    have done was wrong, and I will never make this mistake again.

24                THE COURT:  All right.  Thank you, Mr. Arias.  I have

25    just several follow-up questions.  You may be seated, though.

N552AriP kjc

1          When you say that you knew that the package contained

2     drugs, did you know that the drugs were illegal narcotics?

3          THE DEFENDANT:  I didn't know which specific drug it

4     contained.

5          THE COURT:  Did you know that the drugs that were in

6     the package were ones that it is illegal to distribute or

7     possess with intent to distribute under federal law?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Okay.  And Mr. Dalack, anything -- can you

10    help me with that one?  I take it it is undisputed, Mr. Dalack,

11    that the package in fact included fentanyl and cocaine.

12         MR. DALACK:  Yes.

13         THE COURT:  Correct?

14         MR. DALACK:  Yes, your Honor.

15         THE COURT:  Mr. Arias, did the package in fact include

16    fentanyl and cocaine?

17         MR. DALACK:  One correction, your Honor.  I believe

18    the package that's at issue that we are discussing contained

19    fentanyl, and then there was cocaine found in his apartment.

20         THE COURT:  Ms. Smyser, is that correct?

21         MS. SMYSER:  That is correct, your Honor.

22         THE COURT:  All right.  Mr. Arias, did the package in

23    fact contain fentanyl?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  All right.  When you did these acts, did

N552AriP kjc

1    you know that what you were doing was wrong?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Did you know that you were committing a

4    crime?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Does government counsel agree that there

7    is a sufficient factual predicate for a guilty plea?

8              MS. SMYSER:  Yes, your Honor.  And just to make it

9    clear, I want to proffer that cocaine was found in his

10   apartment after he accepted the package.

11             THE COURT:  Do I need to allocute him on that?

12             MS. SMYSER:  I don't think he needs to know the

13   particular illegal narcotics that were in his home, but you may

14   ask him whether drugs were found in his home.

15             THE COURT:  Fair enough.

16             Mr. Arias, the government has represented that illegal

17   drugs were found in your home.  Did you in fact possess in your

18   home illegal narcotics?

19             THE DEFENDANT:  Drugs were found, yes.

20             THE COURT:  In your apartment?

21             THE DEFENDANT:  Not in my apartment, where I was

22   living.

23             THE COURT:  And were you among the persons responsible

24   for those drugs being there?

25             THE DEFENDANT:  Yes.

N552AriP kjc

1          THE COURT:  Were those drugs in fact cocaine?

2          THE DEFENDANT:  Yes.

3          THE COURT:  And did you know that the drugs that were

4     in the apartment were illegal drugs, something that is illegal

5     to possess with intent to distribute under the law?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Ms. Smyser, anything further?

8          MS. SMYSER:  Nothing further.

9          THE COURT:  Defense counsel, do you agree that there

10    is a sufficient factual predicate for a guilty plea?

11         MR. DALACK:  Yes, I do, your Honor.

12         THE COURT:  Mr. Dalack, do you know of any valid

13    defense that would prevail at trial or any reason why your

14    client should not be permitted to plead guilty?

15         MR. DALACK:  No, your Honor.

16         THE COURT:  Mr. Arias, are you pleading guilty today

17    because you are in fact guilty?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Are you pleading guilty voluntarily and of

20    your own free will?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Can government counsel represent that had

23    the case gone to trial, it had sufficient evidence of each

24    element to establish a conviction on this offense?

25         MS. SMYSER:  Yes, your Honor.

N552AriP kjc

1          THE COURT:  All right.  Mr. Arias, because you have

2     acknowledged that you are in fact guilty as charged in the

3     lesser included offense within the scope of Count One of the

4     information, because I am satisfied that you know of your

5     rights, including your right to go to trial, because I am

6     satisfied that you are aware of the consequences of your plea,

7     including the sentence that may be imposed, and because I find

8     that you are voluntarily pleading guilty, I accept your guilty

9     plea and enter a judgment of guilty on the lesser included

10    offense.

11         All right.  The next step in your case, Mr. Arias,

12    will involve the sentencing process, and I'm going to ask you

13    to pay close attention to what I am about to say.  The

14    probation department is going to want to interview you in

15    connection with a presentence report that it will prepare.  If

16    you choose to speak with the probation department, please make

17    sure that anything you say to them is truthful and accurate.  I

18    read those reports carefully and they are often quite important

19    to me, along with the parties' sentencing submissions, in

20    deciding what sentence to impose and what sentence is just and

21    reasonable.  You and your counsel have a right to examine the

22    report, you have a right to comment on it at the time of

23    sentencing.  I urge you to read the report and to discuss it

24    with Mr. Dalack before sentencing.  If there are any mistakes

25    in the report, please point them out to Mr. Dalack so that he

N552AriP kjc

1    can bring them to my attention before sentencing.

2              Will you agree to do that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Mr. Dalack, I take it this is not a case

5    in which you are seeking an expedited sentence.

6              MR. DALACK:  No, your Honor.

7              THE COURT:  All right.  Counsel, how is, for

8    sentencing, Tuesday, September 12, at 11 a.m.

9              MS. SMYSER:  That's fine with the government, your

10   Honor.

11             MR. DALACK:  That works very well for the defense.

12   Thank you, Judge.

13             THE COURT:  Very good.  I understand that's consistent

14   with your preferences expressed to Mr. Smallman.

15             MS. SMYSER:  Yes, your Honor.

16             THE COURT:  Very good.  I'm happy to schedule the

17   sentencing for that date and time.

18             Mr. Dalack, you should arrange for your client to be

19   interviewed by the probation department within two weeks.

20             Ms. Smyser, the government should provide its case

21   summary to the probation department within the next two weeks.

22             Defense submissions are due two weeks before

23   sentencing, and the government's submission is due one week

24   before.

25             All right.  The next issue and final issue I need to

N552AriP kjc

1    take up involves whether the defendant's bail is to be

2    continued or whether he is to be remanded.  What is the

3    government's view?

4              MS. SMYSER:  Your Honor, the government's view is that

5    remanding the defendant is mandatory under 3145(c).

6              THE COURT:  I think --

7              THE INTERPRETER:  Sorry.  The interpreter requests a

8    repetition.

9              THE COURT:  Let's start that again.  Ms. Smyser,

10   what's the government's view.

11             MS. SMYSER:  Your Honor, the government's view is that

12   the defendant's remand is mandatory under the statute.

13             THE COURT:  Okay.  Mr. Dalack.

14             MR. DALACK:  Yes, your Honor.  We submit to the Court

15   that there are exceptional grounds to keep Mr. Arias on bail

16   pursuant to 18 U.S.C. 3145(c), largely for the reasons set

17   forth in Judge Stein's opinion in *United States v. Dwight Boyd*.

18   Here, as was the case with Mr. Boyd, Mr. Arias is pleading

19   guilty to a lesser included offense.  He played a minor role.

20   He has been forthcoming with the U.S. Attorney's office about

21   his role in the offense since his arrest.  He's been gainfully

22   employed.  He has had absolutely no issues on pretrial

23   supervision.

24             THE COURT:  Okay.  I am going to permit the defendant

25   to remain on bail pending sentencing, substantially for the

N552AriP kjc

1   reasons given by Mr. Dalack.  But just to unpack it a little

2   bit, the government is absolutely correct that, under Section

3   3143 for this offense mandatory -- remand is mandatory.

4   However, there is an exception under Section 3145(c), where

5   exceptional reasons justify permitting a defendant to be

6   released.  It is not sufficient -- it is necessary but not

7   sufficient that the defendant not be a risk of flight or a

8   danger to the community.  Something more needs to be proven.

9   And while ordinarily, in ordinary times, that is a tough burden

10  to meet, I, like many of my colleagues, have found during the

11  era marked by the pandemic and more recently by the terrible

12  conditions in the MDC that that standard is met.  The pandemic

13  is now on the wane, but the conditions at the MDC remain

14  unacceptable.  They have been described to me by too many

15  people in too many cases for it any longer to be factually

16  disputable that that is just an inhospitable, terrible place to

17  be.

18          Under those circumstances, until the government can --

19  the Bureau of Prisons really can get its act together in

20  connection with that facility, my judgment is that where a

21  defendant is not a risk of flight, is not a danger to the

22  community, and there aren't special reasons for them to be

23  remanded, avoiding putting a defendant in conditions like that

24  qualifies as an exceptional reason under 3145(c).

25          Judge Stein's opinion in *Boyd* is substantially to that

N552AriP kjc

1   effect, save that he was writing in February of 2022 when the

2   pandemic was more of a factor.

3            My assessment here is that the pandemic is really not

4   influential to me anymore about that.  It's more that the MDC

5   is too dreadful a place to put someone who is isn't a risk of

6   flight or danger to the community.  So it is on that ground

7   that I will deny the request, respectfully, for remand.

8            Let me ask you, Ms. Smyser, given that ruling, is

9   there any need to make any change to the existing bail

10  conditions?

11           MS. SMYSER:  No, your Honor.

12           THE COURT:  All right.

13           Mr. Arias, do you understand that all the conditions

14  on which you have been released up until now continue to apply

15  and that a violation of any of those conditions can have very

16  serious consequences for you at the time of sentencing?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  You must be in this courtroom for

19  sentencing at the date and time that I have set or you will be

20  guilty of a separate crime called bail jumping and you will be

21  subject to a fine and/or a prison term in addition to whatever

22  sentence you may receive for the crime to which you have just

23  pled guilty.

24           Do you understand that?

25           THE DEFENDANT:  Yes, sir.

N552AriP kjc

1          THE COURT:  Is there anything further from the

2     government?

3          MS. SMYSER:  No.  Nothing from the government.  Thank

4     you, your Honor.

5          THE COURT:  Is there anything further from the

6     defense?

7          MR. DALACK:  Nothing further, your Honor, but please

8     forgive me.  I neglected to take note of the time on September

9     12.

10          THE COURT:  That would be 11 a.m.

11          MR. DALACK:  Thank you.

12          THE COURT:  All right.  We stand adjourned.

13                              oOo

14

15

16

17

18

19

20

21

22

23

24

25