```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :          23-CR-60 (JMF)
            -v-                                                        :
                                                                       :
JOSE IRIZARRY,                                                         :      MEMORANDUM OPINION
                                                                       :          AND ORDER
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Earlier today, the Court issued an opinion continuing the bail of a defendant otherwise subject to mandatory detention under 18 U.S.C. § 3143(a)(2) on the ground that "the conditions at the [Metropolitan Detention Center] constitute 'exceptional reasons' why detention of most defendants who do not pose a risk of flight or danger to the community . . . 'would not be appropriate.'"  Mem. Op. and Order 15, *United States v. Chavez*, No. 22-CR-303 (JMF), ECF No. 31 (quoting 18 U.S.C. § 3145(c)).  In light of that opinion, Defendant Jose Irizarry's request to continue bail pending sentencing in this case, *see* ECF Nos. 47, 58, is GRANTED.

      To be sure, the case for release here is weaker than the one in *Chavez* given, among other things, the nature of Irizarry's criminal conduct (and prospective sentence), his criminal history, and positive drug tests while on bail.  *See* ECF No. 54.  At the same time, Irizarry has maintained a steady, full-time job throughout his release; is the sole provider for his family; has never violated curfew or missed an appointment with Pretrial Services; and is being treated for a combination of potentially serious mental health, controlled substance abuse, and physical health issues, which treatment would indisputably be interrupted (if not worse) by short-term detention at the Metropolitan Detention Center.  *See, e.g.*, *United States v. Reboux*, No. 5:06-CR-451

(FJS), 2007 WL 4409801, at *2 & n.1 (N.D.N.Y. Dec. 14, 2007) (observing that "a defendant's personal circumstances together with other unusual factual or legal issues" can "constitute exceptional reasons for release" under Section 3145(c) and citing as relevant factors "whether the defendant . . . would be likely to continue to contribute to society," "whether prison would impose unusual hardships on a defendant due to illness or injury," and "whether the defendant is exceptionally unlikely to flee or to constitute a danger to the community" (internal quotation marks omitted)); *United States v. Sabhnani*, 529 F. Supp. 2d 377, 383 (E.D.N.Y. 2007) (finding exceptional reasons existed for a defendant who was "solely responsible for operating his business" and needed "time to arrange" his "family's financial affairs, for the benefit of [his] four children").

Accordingly, "exercising its broad discretion in these matters, the Court has authority to, and does, continue [Irizarry's] bail through the date of his sentencing."  Mem. Op. and Order 18, *Chavez*, No. 22-CR-303 (JMF), ECF No. 31 (citing *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)).

SO ORDERED.

Dated: January 4, 2024
      New York, New York

                                            _____
                                                    JESSE M. FURMAN
                                                  United States District Judge

2